IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-650-GPM |
| ) | |
| PATRICK SULLIVAN, WESLEY ) | |
| ANDERSON, GLENN HOWARD, and ) | |
| BRENDA SUITS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Matthew Smith filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was incarcerated at Vienna Correctional Center (Doc. 1). Plaintiff claims that he requested a transfer to a different prison for protection from another inmate (Doc. 1). Plaintiff's request was denied because the other inmate was not listed as one of Plaintiff's "enemies" (Doc. 1). According to Plaintiff, he was told that he could only be transferred if he refused housing, which would also result in him receiving a disciplinary report and a loss of good conduct credits (Doc. 1). Plaintiff claims that when he persisted with his requests for protective custody, the disciplinary reports were manufactured, he was found guilty, and he was transferred to Hill Correctional Center (Doc. 1). The Court screened the complaint pursuant to 28 U.S.C. § 1915A, and two counts survived: (1) a claim for retaliation against

Defendants Patrick Sullivan, Wesley Anderson, Glenn Howard, and Brenda Suits;[1] and (2) a due process claim against Defendants Howard and Suits (Doc. 6).

This matter is currently before the court on a motion to dismiss filed by Defendants Sullivan, Anderson, Howard, and Suits (Doc. 24). Plaintiff's response to the motion to dismiss was due by December 20, 2012 (Doc. 24). Plaintiff, however, did not file a response.

The local rules for the Southern District of Illinois require a timely response to a motion to dismiss. *See* SDIL–LR 7.1(c). Specifically, the adverse party has thirty days after service of the motion in which to serve and file a response brief. SDIL-LR 7.1(c). Failure to timely file a response brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion. SDIL-LR7.1(c). And "[d]istrict courts have broad discretion to enforce and require strict compliance with their local rules." *Benuzzi v. Bd. of Educ. of Chi.,* 647 F.3d 652, 655 (7th Cir. 2011).

Since Plaintiff has failed to file a response to Defendants' motion to dismiss, the Court considers this to be an admission of the merits of the motion. Additionally, the Court finds that Defendants' motion to dismiss is well-taken. Plaintiff failed to state a claim for retaliation upon which relief could be granted because his allegations demonstrate that retaliation was not a motivating factor in Defendants' actions. Rather, Plaintiff's allegations, as dubious as they are, demonstrate that Defendants disciplined Plaintiff in order to give him the transfer that he requested because they were unable to secure it through the normal process. Additionally, Plaintiff's retaliation claim is barred by the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff's claims that Defendants retaliated against him for requesting protective custody by falsifying the charges against him and imposing

---

[1] Plaintiff's claim for retaliation Correctional Officer Bates also survived (Doc. 6). However, Defendant Bates has already been dismissed from the case (Doc. 26).

sanctions without evidence of misconduct, directly call into question the validity of the disciplinary proceedings and the punishment imposed against him. Plaintiff has failed to demonstrate, however, that the disciplinary proceedings and the punishment were vacated or otherwise overturned. As a result, Plaintiff's retaliation claim against Defendants is presently barred under *Heck* and *Edwards*, and must be dismissed. Further, although not raised by Defendants in their motion to dismiss, Plaintiff's due process claim is barred by *Heck* and *Edwards* for the same reason, and must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants (Doc. 24) is **GRANTED**. Defendants Patrick Sullivan, Wesley Anderson, Glenn Howard, and Brenda Suits are **DISMISSED without prejudice** from this action. The Clerk of the Court is directed to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:   September 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge